**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **DANIEL LOPEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **2:18-cv-00430** |
| **CITY OF CORPUS CHRISTI,** | § | |
| **AND ALBERTO S. GONZALEZ, IN** | § | |
| **HIS OFFICIAL AND INDIVIDUAL** | § | |
| **CAPACITY,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT DETECTIVE ALBERTO S. GONZALEZ'**
**MOTION FOR JUDGMENT ON THE PLEADINGS AND,**
**IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND**
**MOTION FOR SANCTIONS**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Detective Alberto S. Gonzalez, Defendant in the above-entitled and numbered cause and files this his Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) and in the alternative, Motion for Summary Judgment pursuant to Rule 56 of The Federal Rules of Civil Procedure as well as a Motion for Sanctions. In support of same, Defendant Detective Alberto A. Gonzalez (hereinafter "Detective Gonzalez") would show unto this honorable Court as follows:

### NATURE AND STAGE OF THE PROCEEDING

1. This is a civil rights case filed by Plaintiff Daniel Lopez ("Plaintiff"). Plaintiff alleges that Corpus Christi Police Department (CCPD) police officer, Detective Gonzalez violated his constitutional rights when Detective Gonzalez initiated an arrest of Plaintiff Daniel Lopez on December 31, 2016 in connection with a Capias warrant issued on November 16, 2016 in Nueces

County, Texas.

2.      Pursuant to Fed. R. Civ. P. 12(c), Detective Gonzalez seeks judgment on the pleadings, and asks the Court to dismiss all claims against him and award sanctions for Plaintiff and his counsel filing a baseless pleading against Detective Gonzalez.  In the alternative, Detective Gonzalez hereby files a Motion for Summary Judgment.

3.      Detective Gonzalez denies that he violated Plaintiff's constitutional rights on December 31, 2016 or at any other time, and denies that he is liable to Plaintiff in any amount and asserts that he is entitled to qualified immunity as to Plaintiff's Section 1983 claim, if any.

4.      An adequate time for discovery has passed, and Plaintiff has not obtained any evidence related to Detective Gonzalez' wrongdoing or lack of training, to date.  Discovery closed on October 1, 2019.  This case is currently set for trial on February 18, 2019.

### I.
### MOTION FOR JUDGMENT ON THE PLEADINGS:
### ARGUMENT AND AUTHORITIES

5.      Defendant Detective Gonzalez files this motion to dismiss Plaintiff's lawsuit for failure to state claims upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(c).  Pursuant to the Court's Scheduling Order entered on February 6, 2019, the deadline for Joinder of Parties and Amendment of Pleadings was May 1, 2019.  Per the Court's Amended Scheduling Order entered on September 3, 2019, the discovery period ended on October 1, 2019.  Plaintiff's deadline to amend his pleadings has passed and discovery has closed at this time.  Therefore, Detective Gonzalez' motion under Rule 12(c) is proper at this time.

6.      Plaintiff alleges the City of Corpus Christi, Texas and CCPD Detective Alberto S. Gonzalez violated his constitutional rights during an arrest, and release quickly thereafter, that occurred on December 31, 2016 when CCPD Detective Gonzalez and CCPD Officer Israel

Carrasco, both officers employed by the City of Corpus Christi, working within CCPD's gang unit, obtained a notification that Mr. Lopez had an active warrant for his arrest. *See* Plaintiff's First Amended Original Complaint, Docket Entry No. 14. Specifically, Plaintiff's First, Second and Third causes of action within his First Amended Original Complaint appear to pertain to Detective Gonzalez individually. *See* screenshots below from Plaintiff's First Amended Original Complaint, Docket Entry No. 14 at page 8-9.

---

### V. <u>FIRST CAUSE OF ACTION</u>

#### 42 U.S.C. §1983 Against Individual Defendant

29. Plaintiff repeats, re-alleges and incorporates herein as part of his First Cause of Action paragraphs 1 through 28 of this First Amended Original Complaint, inclusive and in their entirety, and further alleges:

30. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendant, Alberto S. Gonzalez, in his official and individual capacity, for violation of Plaintiff's constitutional rights under color of law.

---

### VI. <u>SECOND CAUSE OF ACTION</u>

31. Plaintiff repeats, re-alleges and incorporates herein as part of his Second Cause of Action paragraphs 1 through 28 of this First Amended Original Complaint, inclusive and in their entirety, and further alleges:

32. Defendant, Alberto S. Gonzalez, in his official and individual capacity, illegally arrested and illegally imprisoned Plaintiff, which deprived Plaintiff of his liberty.

33. As a result of Plaintiff's denial of liberty, Plaintiff has suffered emotional and physical harm.

---

## VII. THIRD CAUSE OF ACTION

34.     Plaintiff repeats, re-alleges and incorporates herein as part of his Third Cause of Action paragraphs 1 through 28 of this First Amended Original Complaint, inclusive and in their entirety, and further alleges:

35.     The actions and conduct of Defendant, Alberto S. Gonzalez, in his official and individual capacity violated the right of Plaintiff to be free from unreasonable detention, search and seizure under the Fourth Amendment.

The additional causes of action within Plaintiff's Complaint appear to be related to the City of Corpus Christi.

7.     The question presented is whether Plaintiff has adequately supported the conclusions in his Complaint by factual allegations.  The answer to this question is no. Furthermore, even taking Plaintiff's allegations as true, they do not establish the elements necessary to support any constitutional violation by Detective Gonzalez.  Accordingly, this Court should dismiss all of Plaintiff's claims against Detective Gonzalez, based on Plaintiff's failure to state a claim in his First Amended Original Complaint upon which relief can be granted.

8.     Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay the trial – any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute, and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 312 (5th Cir. 2002). Judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain. *Id.* In analyzing the complaint, the

court is to accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Id*. at 312-313. But, it will not accept as true conclusory allegations or unwarranted deductions of fact. *Id.* at 313.

9.      "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claim. *Great Plains Trust Co.*, 313 F.3d at 313.

10.      Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Rodriguez v. CHRISTUS Spohn Health Sys. Corp.*, 874 F. Supp. 2d 635, 653 (S.D. Tex. 2012). While a complaint need not contain detailed factual allegations to survive a motion, the Supreme Court has held that a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* at 653-54 (citing *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Nationwide Bi–Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

A.      **PLAINTIFF HAS FAILED TO PLEAD VIABLE CLAIMS AGAINST DETECTIVE GONZALEZ**

11.      Plaintiff alleges that Detective Gonzalez violated his constitutional rights to be free from unreasonable detention, search and seizure. *See* Plaintiff's First Amended Original Complaint, Docket Entry No. 14 at page 8-9. Plaintiff's First Amended Original Complaint alleges Defendant Gonzalez violated his Fourth Amendment rights when Plaintiff, Mr. Lopez, was arrested outside his residence on the evening of December 31, 2016 pursuant to an

"unsubstantiated subjective belief than an unfounded outstanding warrant for a parole violation exist[ed]" on December 31, 2016. Plaintiff's First Amended Original Complaint, Docket Entry No. 14 at page 7, ¶ 24 and page 8, ¶ 27. Plaintiff also endeavors to recover punitive damages. *Id.* at page 10. However, he fails to allege any specific facts to support an award of punitive damages. Plaintiff's pleadings are insufficient to support any claim for relief against Detective Gonzalez for a violation of Mr. Lopez' constitutional rights, and this Court should dismiss Plaintiff's claims against Detective Gonzalez as a matter of law.

### i. Detective Gonzalez is Entitled to Qualified Immunity as a Matter of Law

12.     Plaintiff's claims against Detective Gonzalez fail, as Detective Gonzalez is immune from suit due to the doctrine of qualified immunity. Officials exercising discretionary authority are entitled to the defense of qualified immunity unless at the time and under the circumstances of the challenged conduct <u>all </u>reasonable officers would have realized the conduct. *Dudley v. Angel*, 209 F.3d 460, 462 (5th Cir. 2000); *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997). A court must first find that the Plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). "[C]onclusory allegations and unsubstantiated assertions" cannot overcome the defense. *See Miller v. Graham*, 447 Fed. App'x 549, 551 (5th Cir. 2011). Stated another way, "When considering a defendant's entitlement to qualified immunity, [a court] must ask whether the law so clearly and unambiguously prohibited his conduct that 'every reasonable official would understand that what he is doing violates [the law].'" *See Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083, 2084 (2011). "If officers of reasonable competence could disagree as to whether the plaintiff's rights were violated, the officer's qualified immunity remains intact." *See Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005). "To

answer that question in the affirmative, [the court] must be able to point to controlling authority—or a 'robust consensus of persuasive authority'—that defines the contours of the right in question with a high degree of particularity." *Id.* at 371-72 (quoting *al-Kidd*, 131 S. Ct. at 2084).

13. Here, Detective Gonzalez' qualified immunity clearly remains intact as Plaintiff's Complaint includes factual allegations that do not show a plausible right to relief. Despite Plaintiff's multiple conclusory statements related to Detective Gonzalez committing constitutional violations, the doctrine of qualified immunity protects officers like Detective Gonzalez from civil liability even if they make a mistake in the exercise of their duties. Therefore, Plaintiff's claims fail. For example, throughout Plaintiff's First Amended Original Complaint, he makes allegations regarding an arrest allegedly executed by Detective Gonzalez, yet his pleading admits, "At the moment Plaintiff was violently pulled from his vehicle, he had no idea who pulled him from his vehicle." *See* Plaintiff's First Amended Original Complaint, Docket Entry No. 14 at page 3, ¶ 13.

14. Not only does Plaintiff's pleading fail to state a claim against Detective Lopez upon which relief can be granted—his First Amended Original Complaint contains facts Plaintiff knows to be entirely false, as articulated within Detective Gonzalez' Motion for Summary Judgment below. Thus, Detective Gonzalez is respectfully requesting the Court dismiss this lawsuit against him.

## II.
## MOTION FOR SUMMARY JUDGMENT

15. In the alternative to Detective Gonzalez' Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c), Defendant Detective Gonzalez hereby moves for summary judgment, and incorporates paragraphs 1 through 14 herein.

16. To date, Plaintiff has merely provided conclusory allegations and vague assertions

on all causes of action within his Complaint, and has conducted absolutely no discovery that would provide this Court or a jury with evidence that Detective Gonzalez engaged in actions which violated Plaintiff's constitutional rights. *See* Plaintiff's First Amended Original Complaint, Docket Entry No. 14. Even assuming Plaintiff could provide the Court with evidence Detective Gonzalez violated Plaintiff's constitutional rights, Detective Gonzalez is shielded by the doctrine of qualified immunity, which insulates government officials from civil damage liability.

17.     To summarize Detective Gonzalez' legal argument, it was reasonable for CCPD Officers to arrest Plaintiff on December 31, 2016 given the fact that they had probable cause to arrest Plaintiff seeing as Detective Gonzalez did his diligence in confirming a warrant existed prior to the arrest by confirming with dispatch the warrant was for a Daniel Lopez with the Plaintiff's same date of birth. *See* Exhibit 1 Affidavit of Detective Alberto S. Gonzalez; *see also* Exhibit 2 Deposition of Alberto S. Gonzalez at page 18 lines 3-6 ("I went to the information channel, contacted dispatch, gave dispatcher the offender's name and date of birth. They were able to give me a return and tell me that the warrant was active."); *see also* Exhibit 7 CCPD Investigation File "Dispatch Audio". Consequently, even assuming arguendo that Detective Gonzalez participated in the physical arrest of Plaintiff, Plaintiff's claims against Detective Gonzalez fail based on the doctrine of qualified immunity. Therefore, Detective Gonzalez is entitled to judgment as a matter of law as to Plaintiff's Section 1983 claim and Plaintiff's ambiguous claim of "imprisonment". *See* Plaintiff's First Amended Original Complaint at page 9, ¶ 32.

### THE SUMMARY JUDGMENT STANDARD

18.     In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." *See* Rule 56(c), Federal Rules of Civil Procedure; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Boze v. Branstetter*, 912 F.2d 801, 804 (5th Cir. 1990). Material facts are those facts that "might affect the outcome of the suit under the governing law." *See Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)). The facts are to be reviewed with all "justifiable inferences" drawn in favor of the party opposing the motion. *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255). However, factual controversies are resolved in favor of the nonmovant "only when there is an actual controversy – that is, when both parties have submitted **evidence of contradictory facts**." *See Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir. 1996). (Emphasis supplied).

19.     The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue with respect to those issues on which the movant bears the burden of proof at trial. The movant meets this initial burden by showing that the evidence in the record would not permit the nonmovant to carry its burden of proof at trial. *See Smith*, 158 F.3d at 911. The burden then shifts to the nonmovant to demonstrate that summary judgment is inappropriate. *See Morris*, 144 F.3d at 380.

20.     The nonmovant carries his burden by producing significant probative evidence that there is an issue of material fact to warrant a trial. *See Texas Mfr'd Housing Ass'n v. City of Nederland*, 101 F.3d 1095, 1099 (5th Cir. 1996), cert. denied, 521 U.S. 1112 (1997); *Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155, 161 (5th Cir. 1996); *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-719 (5th Cir. 1995). This issue of material fact must be "sufficient to

support a jury verdict." *See Morris*, 144 F.3d at 380. The nonmovant's burden is not satisfied by reliance on the allegations or denials in his pleadings. Instead, the nonmoving party must present specific facts which show the existence of a genuine issue concerning every essential component of its case. *Id.* A dispute about a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Stafford v. True Temper Sports*, 123 F.3d 291, 294 (5th Cir. 1997). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.2d 1527, 1533 (5th Cir. 1994).

### THE SUMMARY JUDGMENT EVIDENCE

21.     Defendant Detective Gonzalez moves for summary judgment and outlines the statement of the issues as follows:

    a.  Plaintiff's Claims Against Detective Gonzalez Fail as a Matter of Law

    b.  Plaintiff Bears the Burden to Overcome Detective Gonzalez' Qualified Immunity Defense; and

    c.  Plaintiff Cannot Recover Exemplary Damages from Detective Gonzalez.

22.     Attached hereto as Exhibits 1 through 7, and incorporated by reference for all purposes herein are the following: Affidavit of Alberto S. Gonzalez, Deposition of Alberto S. Gonzalez, Deposition of Officer Israel Carrasco, Jr., Nueces County Sheriff's Office Records for Daniel Lopez, Notice of Appearance of Charles C. Smith, Deposition of Plaintiff Daniel Lopez and CCPD Investigation File respectively. The summary judgment evidence establishes the following facts:

    a.  Detective Gonzalez is currently a detective with CCPD, assigned to the gang unit, and he has been a detective since January 2018. *See* Exhibit 1, Affidavit of Alberto S. Gonzalez at page 1, ¶ 1-2.

b.  Detective Gonzalez has training through the police academy and through the Field Training Officer (FTO) training, and has had training throughout the years by working with other officers. *See id.* at page 1, ¶ 3.

c.  On December 31, 2016 Detective Gonzalez and his partner Officer Israel Carrasco were informed by dispatch of an active warrant for Daniel Lopez, an active gang member within the database of gang members. *See id.* at page 1, ¶ 4.

d.  Detective Gonzalez confirmed with dispatch the date of birth for the Daniel Lopez listed on the warrant was January 24, 1973. *See id.* at page 1, ¶ 5; *see also* Exhibit 2 Deposition of Alberto S. Gonzalez at page 18 lines 3-6; *see also* Exhibit 7 CCPD Investigation File "Dispatch Audio".

e.  Detective Gonzalez responded to Mr. Lopez' last known address, 5814 Cain Drive in Corpus Christi, Texas, where he observed Mr. Lopez sitting in a vehicle with drug paraphernalia. *See* Exhibit 1 Affidavit of Alberto S. Gonzalez at page 1, ¶ 6-7; *see also* Exhibit 7 CCPD Investigation File "Incident/Investigation Report".

f.  Detective Gonzalez was responsible for administrative duties in executing the warrant, including the Arrest Report. *See* Exhibit 3 Deposition of Officer Israel Carrasco at page 28, lines 2-10; *see also* Exhibit 7 CCPD Investigation File "Incident/Investigation Report".

g.  Mr. Lopez was transported to the City Detention Center without incident. *See* Exhibit 1 Affidavit of Alberto S. Gonzalez at page 2, ¶ 10.

h.  Once a warrant could not be confirmed, Mr. Lopez was taken back to his residence, not in handcuffs. *See id.* at page 2, ¶ 11.

i.  Plaintiff was later arrested on due to a Felony Arrest Warrant #17841 and Capias 16MC-026721. *See* Exhibit 4 Nueces County Sheriff's Office Records for Daniel Lopez at page 000671, 000673-000680, 000683-000684, 000694.

j.  Plaintiff retained the same counsel pursuing this lawsuit on his behalf for his criminal case resulting from the November 16, 2019 warrant Plaintiff maintains Detective Gonzalez did not obtain or confirm on the date of the incident. *See* Exhibit 5 Notice of Appearance of Charles C. Smith.

k.  Plaintiff has testified the officer who arrested him on December 3, 2016 was a Hispanic male who had a mustache. *See* Exhibit 6 Deposition of Plaintiff Daniel Lopez at page 24, line 17-19.

l.    Officer Israel Carrasco is a Hispanic male with a mustache, and testified he had a mustache in December of 2016 as well. *See* Exhibit 3 Deposition of Israel Carrasco, Jr. at page 28, lines 16-20.

m.   Detective Gonzalez does not recall personally arresting Mr. Lopez. *See id.* at page 1, ¶ 9; *see also* Exhibit 2 Deposition of Alberto S. Gonzalez at page 19, lines 6-11.

### ARGUMENT AND AUTHORITIES

### A.    PLAINTIFF'S CLAIMS AGAINST DETECTIVE GONZALEZ FAIL AS A MATTER OF LAW

23.    If the Court finds Plaintiff has asserted sufficient factual allegations in his pleadings to survive a Motion for Judgment on the Pleadings, Detective Gonzalez is entitled to summary judgment in his favor based upon his qualified immunity. Moreover, Detective Gonzalez did not commit a constitutional violation because he did not unlawfully arrest Plaintiff in violation of his constitutional rights, and did not engage in any use of force to cause Plaintiff's alleged damages.

### i.    Plaintiff's Fourteenth Amendment Claim

24.    To the extent that Plaintiff attempts to allege a Fourteenth Amendment substantive due process claim against Detective Gonzalez, that claim must fail. Although vague, Plaintiff has pled a claim against Detective Gonzalez which can only be categorized as a use of force claim. In *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865 (1989). The Supreme Court noted:

> "In addressing an excessive force claim brought under Section 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) ("the first inquiry in any Section 1983 suit" is to "isolate the precise constitutional violation with which [defendant] is charged"). In most instances, that will be either the Fourth Amendment's prohibition against unreasonable seizures of the person, or the Eighth Amendment's ban on cruel and unusual punishments, which are the two primary sources of constitutional protection against physically abusive governmental conduct. The validity of the claim must then be judged by reference to the specific constitutional standard which governs that right, rather than to some generalized "excessive force" standard. *See Tennessee*

> *v. Garner*, 471 U.S. 1 (1985) (claim of excessive for to effect arrest analyzed under a Fourth Amendment standard."

*See Graham*, *Id.* at 394.

25.     Plaintiff appears to assert a Fourth Amendment use of force claim against Detective Gonzalez, which is analyzed below.  To the extent, if any, that the Court finds Plaintiff has asserted a Fourteenth Amendment and/or a substantive due process claim against Detective Gonzalez, he is entitled to judgment as a matter of law as such a claim is not cognizable under the Fourteenth Amendment when the claim involves the use of force. *See id.*  To the extent, if any, that there is a remaining claim of some kind for the alleged use of excessive force against Detective Gonzalez in Plaintiff's Second or Third Cause of Action, he is entitled to judgment as Plaintiff has not specifically pled this claim against him. *See* Plaintiff's First Amended Original Complaint Docket Entry No. 14, *passim*.

**ii.        Plaintiff's Fourth Amendment Claim**

26.     Plaintiff alleges his Fourth Amendment rights were violated, but his claim is based upon an incident in which a CCPD officer, Detective Gonzalez and Officer Carrasco were executing a warrant that was ultimately discovered to be valid and active on December 31, 2016, but that warrant could not ultimately be confirmed by the County once Plaintiff arrived to be booked at Nueces County jail.  *See* Exhibit 7 CCPD Investigation File "Incident/Investigation Report" at page 000003.

### Incident/Investigation Report

Agency: CCPD          Case Number: 1612310135          Date: 12/07/2018 10:35:14

### Narrative

On this date and time, the Gang Units along with S/O Israel Carrasco and I (Albert Gonzalez #9318) had prior knowledge of wanted subject OF1 Daniel Lopez          who last resided at 5814 Cain. We proceeded to 5814 Cain and observed Lopez sitting in a vehicle outside of the residence. Lopez was contacted and identified himself as Daniel Lopez. Lopez was checked through the information channel and the warrant showed to be active out of Nueces County for Dangerous Drugs (#CRMC026721) with a $500.00 bond. Lopez was taken into custody and later transported to CDC for booking and later released.

It should be noted that due to the County having problems with their system, they were unable to locate and confirm the warrant. The subject was taken back home and released without incident.

An arrest violates the Fourth Amendment when it lacks probable cause. *Deville v. Mercantel*, 567 F.3d 156, 164 (5th Cir. 2009; *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004).

27.     If the Court determines Plaintiff has alleged a Section 1983 claim against Detective Gonzalez, it would appear to be based on a Fourth Amendment excessive force claim.  To prevail on a Fourth Amendment excessive force claim, Plaintiff must establish "(1) an injury; (2) that the injury resulted directly from the use of excessive force; and (3) that the excessiveness of the force was unreasonable."  *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

28.     It is abundantly clear from the record that Detective Gonzalez' actions were reasonable.  Also, Detective Gonzalez testified he did not engage in any use of force, nor was he the arresting officer:

"Q. Well, did you take Mr. Lopez into custody on December the 31st, 2016?

A.  No.

14

> Q. Okay. **Who took Mr. Lopez into custody on December 31st,
> 2016?**
>
> A. I believe it was **Senior Officer Carrasco**."

*See* Exhibit 2 Deposition of Alberto S. Gonzalez at page 19, lines 6-11. (Emphasis added).

29. A "defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *See Thompson v. Upshur Cty.*, 245 F.3d 447, 457 (5th Cir. 2001); *see also Austin v. Johnson*, 328 F.3d 204, 207 (5th Cir. 2003) (same). "The 'defendant's circumstances' include the facts known to the defendant." Thompson, 245 F.3d at 457.

30. Additionally, Plaintiff's pleading contains blatantly false allegations that a warrant did not exist on the date of the incident, alleging Detective Gonzalez told Plaintiff "he had a warrant for a parole violation, which was not true." Plaintiff's Original Complaint, Docket Entry No. 14 at page 4, ¶ 15. Yet, Charles S. Smith, Mr. Lopez' attorney in this case, is also Mr. Lopez' retained criminal defense attorney for Cause No. 16MV-02672 *State of Texas v. Daniel Lopez*— the criminal case in Nueces County resulting from the very warrant Mr. Lopez' First Amended Complaint alleges **<u>did not exist</u>** on December 31, 2016. *See* Exhibit 5 Notice of Appearance of Charles C. Smith dated March 21, 2018; *see also* Plaintiff's First Amended Original Complaint at page 5 ¶ 18 which states in part, "Defendant Gonzalez arrested Plaintiff on an unverified suspicion that Plaintiff was a warrant suspect. However, although able, Defendant Gonzalez did not ask or inquire of his police department dispatch if there was an open outstanding warrant for a parole violation for Plaintiff."; *see also* Exhibit 5 Notice of Appearance of Charles C. Smith.

31.     To put it concisely, Detective Gonzalez did not injure Plaintiff through any unreasonable use of excessive force. In fact, Plaintiff has not provided any evidence of excessive force by any CCPD officer to date.

**B.     PLAINTIFF BEARS THE BURDEN TO OVERCOME DETECTIVE GONZALEZ' QUALIFIED IMMUNITY DEFENSE.**

32.     Plaintiff has the burden to overcome Detective Gonzalez' qualified immunity defense as to his Section 1983 claims. *See Thompson v. Upshur Cty., Id.*, 245 F.3d at 456, citing *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997). The qualified immunity analysis is a two step inquiry. First, a court must decide whether the Plaintiff's allegations, if true, establish a violation of a clearly established right. *Hare v. City of Corinth*, 135 F.3d 320, 325 (5th Cir. 1998) (en banc). Second, if the plaintiff has alleged a violation, the court must decide whether the conduct was objectively reasonable in light of clearly established law at the time of the incident. *Id.* Even if the government official's conduct violates a clearly established right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable. *Id.*

33.     To prevail on his Section 1983 claim, Plaintiff must prove that Detective Gonzalez, acting under color of law, deprived him of a right secured by the Constitution or laws of the United States on December 31, 2016. *See Blessing v. Freestone*, 520 U.S. 329, 340, 117 S. Ct. 1353, 1359 (1997); *Daniels v. Williams*, 474 U.S. 327, 330, 106 S. Ct. 662, 664 (1986); *Augustine v. Doe*, 740 F.2d 322, 324-25 (5th Cir. 1984). Plaintiff must also prove that the alleged constitutional or statutory deprivation was intentional or was due to deliberate indifference, and was not the result of mere negligence. *See Farmer v. Brennan*, 511 U.S. 825, 828-29, 114 S. Ct. 1970, 1974-75 (1994); *Davidson v. Cannon*, 474 U.S. 344, 348, 106 S. Ct. 668, 670-71 (1986); *Daniels*, 474 U.S. at 328, 10 S. Ct. at 663; *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285, 291 (1976).

Additionally, the negligent deprivation of life, liberty or property is not a constitutional violation. *See Campbell v. City of San Antonio*, 43 F. 3d 973, 977 (5th Cir. 1995); *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992), cert. denied, 506 U.S. 973, 113 S. Ct. 462 (1992) *Herrera v. Millsap*, 862 F.2d 1157, 1160 (5th Cir. 1989); *Simmons v. McElveen*, 846 F.2d 337, 339 (5th Cir. 1988).

34.     Police officers are immune from civil liability if they could have reasonably believed their actions to be lawful in light of clearly established law and the information the officer possessed. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991).  Even if law enforcement officers err, they are entitled to qualified immunity if their decision was reasonable.  *Lampkin v. City of Nacodoches*, 7 F.3d 430, 435 (5th Cir. 1993) cert. denied 511 U.S. 1019, 114 S.Ct. 1400, 128 L.Ed.2d 73 (1994).

35.     Based on the record before this Court, it is abundantly clear that Detective Gonzalez did not engage in any acts of excessive force against Plaintiff.  By Plaintiff's own admission in his First Amended Original Complaint, he did not know who arrested him, and at the time of his deposition he testified he was sure it was a man with a mustache, clearly indicating it was Officer Israel Carrasco who arrested Plaintiff, not Detective Gonzalez. Exhibit 6 Deposition of Plaintiff Daniel Lopez at page 24, line 17-19.  Moreover, there is simply no evidence that Detective Gonzalez acted maliciously or intentionally on the date of the incident.  Nor does Plaintiff make such an allegation in his Complaint.  *See* Plaintiff's First Amended Original Complaint Docket Entry No. 14.

36.     Plaintiff has failed to provide this court with any evidence that would allow a Section 1983 claim to proceed against Detective Gonzalez in his official or individual capacity. Detective Gonzalez' actions on December 31, 2016 were objectively reasonable in light of all the facts and circumstances confronting him.  Additionally,  Officer Carrasco's use of force ***if any***

would also be proper, and not excessive.  Second, other than Detective Gonzalez' attached affidavit and the information contained within the incident report, Plaintiff has no evidence to present a jury that could possibly show Detective Gonzalez acted improperly or unreasonably in his official duties as a Detective acting on behalf of The Corpus Christi Police Department.  Finally, there is no evidence Plaintiff was injured in any way as a result of the subject arrest and release shortly thereafter in the early hours on January 1, 2017.  *See* Exhibit 7 CCPD Investigation File.

37.  Based on the above legal analysis of the doctrine of qualified immunity, the uncontroverted facts stated within Detective Gonzalez' affidavit and the events documented within the CCPD and Nueces County records, it is clear Detective Gonzalez' actions in confirming the warrant and participating in the arrest process of Plaintiff on the date of the incident were objectively reasonable, as the warrant was valid.  *See* Exhibit 3 Nueces County Sheriff's Office Documents Records for Daniel Lopez, at page 000683 "Capias".  Afterall, Plaintiff was subsequently prosecuted pursuant to the warrant, after the initial arrest giving rise to this lawsuit. *See* Exhibit 4 Nueces County Sheriff's Office Records for Daniel Lopez *passim.*  Detective Gonzalez is entitled to summary judgment because the record does not raise a material issue of fact as to Detective Gonzalez' qualified immunity.

**C.  PLAINTIFF IS NOT ENTITLED TO EXEMPLARY DAMAGES FROM DETECTIVE GONZALEZ.**

38.  Plaintiff's claim for exemplary damages is barred.  Plaintiff seeks punitive damages *See* Plaintiff's First Amended Original Complaint, Docket Entry No. 14 at page 10.  First, Plaintiff has not raised a fact issue as to Detective Gonzalez' mental state at the time of the incident to warrant punitive damages.  Also, Section 101.024 of the Texas Tort Claims Act does not waive immunity from exemplary damages.  Tex. Civ. Prac. & Rem. Code Ann. § 101.024; *see also Cronen v. Ray,* Nos. 14-05- 00788-cv, 14-05-00789-CV, 2006 WL 2547989 at *4 (Tex. App.—

Houston (14th Dist.)); *City of LaPorte v. Barfield,* 898 S.W.2d 299 (Tex. 1995). Thus, Plaintiff's claim for exemplary damages against Detective Gonzalez is barred.

## IV.
## MOTION FOR SANCTIONS

39.     Defendant Gonzalez asks the Court to impose sanctions against Plaintiff and his counsel for knowingly filing a baseless pleading with misstatements of facts in violation of Federal Rule of Civil Procedure 11(b).

40.     A court may impose sanctions on a party, an attorney, or a law firm for presenting a pleading, written motion, or other paper – whether by signing, filing, submitting or later advocating it – for an improper purpose, such as to harass or cause unnecessary delay or expense. Fed. R. Civ. P. 11(b)(1), (c)(1). Also, a court may impose sanctions on a party, an attorney, or law firm for presenting a pleading, written motion, or other paper that includes any of the following: (1) claims, defenses, or other legal contentions not warranted by existing law or for establishing new law, (2) factual contentions that do not have, or are unlikely to have, evidentiary support after a reasonable opportunity for further investigation or discovery, or (3) denials of factual contentions unwarranted by the evidence. Fed. R. Civ. P. 11(b)(2)-(b)(4), (c)(1).

41.     Mr. Lopez and his counsel's filing of this lawsuit is the exact kind of baseless cause of action the federal rules aim to prohibit. Plaintiff's First Amended Original Complaint contains factual contentions and claims that lack evidentiary support or are unlikely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3); *see City of Livonia Employees' Ret. Sys. & Local 295/Local 851 v. Boeing Co.*, 711 F.3d 754, 762 (7th Cir. 2013); *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001).

42.     Specifically, Plaintiff's filing of his First Amended Original Complaint on January 17, 2019 violated Rule 11(b) because he and his counsel are undoubtedly aware there was a valid warrant for Mr. Lopez' arrest on the date of the incident, despite the fact that it could not be confirmed **by the County** at the moment Mr. Lopez was booked at the Nueces County jail.

43.     It was established at the time of Plaintiff's deposition that a Capias was issued by Nueces County on November 10, 2016, over a month before the date of the incident giving rise to this lawsuit.  *See* Exhibit 4 Nueces County Sheriff's Office Documents Records for Daniel Lopez, at page 000683 "Capias".  Defendant Gonzalez lawfully picked Plaintiff up on the subject warrant on December 31, 2016, and Plaintiff was in fact ultimately detained on the subject warrant #CRMC026721 on January 19, 2017, a couple weeks after the incident forming the basis of Plaintiff's lawsuit.  Exhibit 4 Nueces County Sheriff's Office Records for Daniel Lopez at page 000671 "Nueces County Sheriff's Office Field Arrest Report Affidavit of Probable Cause".

44.     As mentioned above, Mr. Smith, Mr. Lopez' attorney in this case, is also Mr. Lopez' retained criminal defense attorney for Cause No. 16MV-02672 *State of Texas v. Daniel Lopez*—the case criminal resulting from the subject warrant Mr. Lopez' First Amended Complaint alleges did not exist on December 31, 2016, at the time of the incident involving Detective Gonzalez.  Effectively, the facts Plaintiff has attempted to use to form the basis of his Complaint against Detective Gonzalez are patently dishonest. *See* Exhibit 4 Nueces County Sheriff's Office Documents, Capias at page 000683 and Exhibit 5 Notice of Appearance of Charles C. Smith.

45.     It is indisputable that at the time of the filing of this lawsuit in December of 2018, Plaintiff and Plaintiff's counsel Charles C. Smith were well aware of the fact that the warrant Detective Gonzalez was alerted to on the date of the incident, which led to the subject arrest, was an active warrant on December 31, 2016.  Yet, Plaintiff's pleading attempts to assert Detective

Gonzalez was acting entirely upon an "unverified suspicion", and nothing else. *See* Plaintiff's First Amended Original Complaint Docket Entry No. 14 at page 5 ¶ 18.

46.     Considering Plaintiff has attempted to mislead this Court and has wasted judicial time and resources, as well as time and resources of Defendants, Detective Gonzalez hereby requests this Court order sanctions against Plaintiff and his counsel in an amount the Court deems just and appropriate.

## V.
## CONCLUSION & PRAYER

47.     Plaintiff lacks a cognizable legal theory for his causes of action and sufficient facts to support his claims against Detective Gonzalez.  For the reasons stated above, and pursuant to Fed. R. Civ. P. 12(c), Defendant Detective Gonzalez seeks judgment on the pleadings, and asks the Court to dismiss all claims against him.  Alternatively, Defendant Gonzalez has shown there is no genuine issue of material fact with regard to Plaintiff's claims against Detective Gonzalez.  Plaintiff cannot present evidence to this Court that support his claims and defeat Defendant Detective Gonzalez' assertions of immunity.  As such, Defendant Gonzalez is entitled to judgment as a matter of law.  Further, Defendant Gonzalez is seeking monetary sanctions, in an amount determined by the discretion of the Court for Defendant Gonzalez' attorney's fees and the costs of litigating this matter.

48.     **WHEREFORE, PREMISES CONSIDERED**, Defendant Detective Alberto S. Gonzalez respectfully requests that the Court grant his Rule 12(c) Motion for Judgment on the Pleadings and in the alternative his Motion for Summary Judgment be, in all respects, granted, and that all Plaintiff's causes of action be dismissed with prejudice to the refiling of same;  Defendant Gonzalez further prays that Plaintiff take nothing by this suit; that all relief requested by Plaintiff

be denied; and that Defendant Gonzalez recover all costs of suit and attorney's fees; Defendant Gonzalez further prays for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

By: /s/ John B. Martinez
    John B. Martinez
    State Bar No. 24010212
    Federal Bar No. 23612
    Email: john@hmglawfirm.com
    Marion M. Reilly
    State Bar No. 24079195
    Federal ID No. 1357491
    Email: marion@hmglawfirm.com
    Jessica J. Pritchett
    State Bar No. 24102377
    Federal ID No. 3070422
    Email: jpritchett@hmglawfirm.com

**HILLIARD MARTINEZ GONZALES, LLP**
719 S. Shoreline Blvd.
Corpus Christi, Texas 78411
Telephone: (361) 882-1612
Facsimile: (361) 882-3015 [Fax]

**ATTORNEY-IN-CHARGE FOR DEFENDANT DETECTIVE ALBERTO S. GONZALEZ**

## NOTICE OF ELECTRONIC FILING

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 1st day of November, 2019.

/s/ John B. Martinez
JOHN B. MARTINEZ

## CERTIFICATE OF SERVICE

I hereby certify that on this the 1st day of November 2019, a true and correct copy of the above and foregoing legal document was served electronically on the known Filing User listed below, through the Notice of Electronic Filing, as indicated below:

***Via Electronic Filing and Service***
Charles C. Smith
Law Office of Charles C. Smith
615 N. Upper Broadway, Suite 1710
Corpus Christi, Texas 78401

***Via Electronic Filing and Service***
Mark William DeKoch
Lilia Castro
City of Corpus Christi
P. O. Box 9277
Corpus Christi, Texas 78469-9277

*/s/ John B. Martinez*
JOHN B. MARTINEZ